# Richmond.

LITTELL v. THE JULIUS LANSBURG FURNITURE AND CARPET CO.

JANUARY 12, 1899.

Absent, Riely and Cardwell, JJ.

1. ATTACHMENTS—*Petitions*— *Rights of Third Parties* — *Case at Bar.*—A plaintiff in attachment, who has a deed of trust on the property attached, cannot unite with the trustees in the deed and come into the attachment suit by petition and ask to have the attached property delivered to the trustees. Sec. 2984 of the Code was intended for the protection of the rights of third parties, and not of the plaintiff in the attachment. In the case at bar, the plaintiff, though united with the trustees, was the real petitioner, and, the attachment having been quashed because issued without sufficient cause and upon false suggestion, the property was rightly restored to the defendant.

Error to a judgment of the Circuit Court of Alexandria county rendered September 30, 1897, on a writ of error to a judgment of the County Court of said county on an attachment wherein The Julius Lansburg Furniture and Carpet Company, one of the defendants in error, was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

. *J. K. M. Norton,* for the plaintiff in error.

*George A. Mushback,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

By deed dated May 6, 1896, O. I. Littell conveyed to L. J. Jackson and H. R. Kibler, trustees, certain personal property, to secure The Julius Lansburg Furniture and Carpet Company the sum of $1,232.00, evidenced by the note of the grantor, bearing even date with the deed. In this deed the right was reserved to the grantor to retain the possession and use of the property conveyed until the same should be thereafter required of her as provided in the deed.

On April 15, 1897, The Julius Lansburg Company caused to be issued by a justice of the peace of Alexandria county an attachment for the debt secured in the deed of trust, requiring the sheriff to attach the property conveyed in said deed, and to have the same forthcoming and liable to further proceedings to be had thereupon before the County Court of Alexandria county on the first day of the next term thereof.

On July 7, 1897, O. I. Littell moved the court to quash the attachment, and have the property restored to her. When this motion was made, Jackson and Kibler, trustees, and The Julius Lansburg Company united in filing a petition, in which they set forth that the debt in question being due, the trustees were, under the terms of the deed of trust, entitled to the possession of the property held by the sheriff under the attachment, and asking that the same be turned over to them.

Upon the hearing the court quashed the attachment, and ordered the property to be returned to the debtor, upon two grounds: First, that the affidavit, upon which the attachment issued, was fatally defective; and, second, because it was issued without sufficient cause, and upon false suggestions. The court further held that, the attachment being quashed, it was without jurisdiction to pass upon the petition filed by the trustees and the attaching creditor.

To this judgment a writ of error was awarded by the Circuit Court of Alexandria, and on September 30, 1897, that court, being of opinion that the County Court had jurisdiction to consider the petition filed by the trustees and the attaching

creditor, entered an order reversing the judgment of the County Court, and remanding the cause for further proceedings to be had in accordance with the views expressed.

From this judgment of the Circuit Court the case has been brought to this court.

Upon the case presented, the action of the County Court was clearly right under the express terms of sec. 2981 of the Code, which provides that the attachment shall be quashed if it be invalid on its face, or appears to have been issued on false suggestions, or without sufficient cause, and that, when quashed, there shall be an order for the restoration of the attached effects to the defendant.

It is, however, contended that the petition of Jackson and Kibler, trustees, and The Lansburg Company was filed under sec. 2984 of the Code, and that by virtue of that section they had the right to file the petition in this proceeding, and have the same considered and acted upon.

Section 2984 was intended to give any third person, before the attached property is sold, or before the proceeds of sale have been paid to the plaintiff, the opportunity to come in by petition, and dispute the plaintiff's right to the property, or its proceeds. In the case at bar, though united with the trustees, the real petitioner is the plaintiff in the attachment. The trustees represent no other creditor, and set up in their petition the same debt sued on in the attachment proceeding. The Lansburg Company, as petitioner, cannot dispute with itself, as plaintiff in the attachment, over the attached effects. Sec. 2984 was not intended to enable a creditor to bring his debtor's property into court under an attachment issued on false suggestions, and avail himself of this invalid proceeding to accomplish as petitioner therein what he could not accomplish as plaintiff in the attachment.

For these reasons the judgment of the Circuit Court must be reversed and annulled, and the judgment of the County Court affirmed.

*Reversed.*